# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TIMOTHY LEONARD LEE MEDEL,**

    **Plaintiff,**

    v.                                                    CASE NO. 18-3216-SAC

**JAMES R. SCHROEDER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Timothy Leonard Lee Medel is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff alleges that he was arrested in Thomas County, Kansas, on May 14, 2018, and was transferred to the Finney County Jail on May 18, 2018, "for no reason." Plaintiff alleges there were no charges in Finney County and an arrest warrant was not issued until July 24, 2018. Plaintiff was served the next day—July 25, 2018—and was not taken to a first appearance until August 10, 2018. Plaintiff alleges violations of his due process rights and K.S.A. § 22-2401. Plaintiff also claims wrongful imprisonment and

malicious prosecution. Plaintiff alleges that he filed motions to dismiss his state criminal case No. 2018-CR-000133.

Plaintiff names as defendants: James R. Schroeder, Thomas County District Court Judge; Rachel Lamm, Thomas County District Attorney; and Tom Nickols, Jr., Thomas County Sheriff. Plaintiff seeks to have all charges associated with the case dismissed and "appropriate compensation."

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Immunity

#### A. Eleventh Amendment Immunity

Although it is unclear whether Plaintiff sues any of the defendants in their official capacity, a claim against state officials for monetary damages is barred by sovereign immunity. An official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing

the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id*. (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b). District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred).

Any official capacity claim against a state official for monetary damages is barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Any claim for monetary damages against

the state officials in their official capacities is subject to dismissal as barred by sovereign immunity.

### B. *State District Court Judge*

The state court judge is also entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacities. Plaintiff is directed to show cause why his claims against the state court judge should not be dismissed based on judicial immunity.

### C. *Thomas County District Attorney*

Plaintiff's claims against the Thomas County District Attorney fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his

claims against the Thomas County District Attorney should not be dismissed based on prosecutorial immunity.

### 2. *Request to have His State Criminal Charges Dismissed*

To the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 3. *Heck Bar*

If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. An online Kansas District Court Records Search indicates that Plaintiff pleaded guilty in his state court criminal proceedings and

was sentenced on December 5, 2018.[1] Plaintiff has not alleged that the conviction or sentence has been invalidated.

Even if Plaintiff could show that his claim did not necessarily implicate the validity of his conviction or sentence, he would still need to show that he suffered an injury. "[T]he Fourth Amendment's shield against unreasonable seizures requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention." *Powell v. Nevada*, 511 U.S. 79, 80 (1994). Prompt generally means "within 48 hours of the warrantless arrest; absent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Id*. (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)).

Recognizing that some delays are inevitable, the United States Supreme Court has found that, as a general matter, a plaintiff's Constitutional rights are not violated if a judicial determination of probable cause is held within 48 hours of the arrest. *County of Riverside*, 500 U.S. at 56. Of course, there are exceptions. An individual's rights may be violated—even if the hearing is held within 48 hours—if the individual can prove that his or her probable cause determination was delayed unreasonably. *Id*. at 57. Unreasonable delay occurs when the delay is for the purpose of gathering additional evidence to justify the arrest, motivated by ill will against the individual, or delay for delay's sake. *Id*. (noting these exceptions and recognizing that delays are reasonable when they are for "transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities").

---

[1] *See* 2018-CR-000133, Thomas County, Kansas, filed July 24, 2017.

Plaintiff was sentenced in state court on December 5, 2018. It is unclear whether Plaintiff received credit for the time he spent in custody following his initial arrest—the same time he now contends he was unlawfully detained. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Id*. (citations omitted). If Plaintiff is not entitled to seek damages related to his detention, then there is no injury that a favorable decision by a federal court may redress. *See id*. at 918 (where judge ultimately found probable cause and denied bail, plaintiff would not have been entitled to release any sooner, and because her time in custody was later credited to a criminal sentence on another charge, plaintiff could not receive damages for time spent in custody after her arrest).

## IV. Response and/or Amended Complaint Required

Plaintiff is directed to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3216-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

9

the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 9, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 9, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send Plaintiff forms for filing a civil rights complaint under 42 U.S.C. § 1983.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 9th day of April, 2019.**

        **S/ Sam A. Crow**
        **SAM A. CROW**
        **SENIOR U. S. DISTRICT JUDGE**